## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBERT J. FRIESNER, for himself and
all others similarly situated,

       Plaintiff,

vs.                                                               Civil No. 00-0028 WWD/LFG

NORTH AMERICAN COMPANY FOR
LIFE AND HEALTH INSURANCE,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand to State Court, filed February 16, 2000 **[docket # 14]**. Having considered the parties' briefs and the applicable law, I find that Plaintiff's motion is well-taken and will be granted.[1]

### Background

Plaintiff is suing individually and on behalf of a proposed class of at least 303,775 individuals[2] who have purchased life insurance policies ("Policy") from Defendant. He alleges that Defendant ("North American") charged premiums in excess of the amounts represented in the express provisions of the Policy and failed to disclose hidden additional premium charges imposed on policyholders who elect to pay semi-annually or quarterly, rather than annually. Plaintiff alleges that the conduct constitutes a breach of express provisions of the Policy, breach of Defendant's

---

[1] Plaintiff correctly points out that the merits of this case are sufficiently similar to a recent case remanded to state court, Kollecas v. State Farm, Civil No. 99-1428 (D.N.M. Feb. 14, 2000) so that oral argument requested by Defendant is not necessary.

[2] The number is directly from estimates of the class as calculated by North American corporate offices in their affidavits attached to the Notice of Removal.

duty of full and fair disclosure and implied duty of good faith and fair dealing, as well as state statutory violations. The complaint requests class certification, declaratory judgment and compensatory damages in an unspecified amount. Defendant removed this case to federal court based on diversity jurisdiction under 28 U.S.C. §§ 1441 and 1446. Plaintiff seeks remand on the ground that the amount-in-controversy in this case is less than the $75,000.00 required to confer a federal court with diversity jurisdiction.

**Legal Standard**

Federal court jurisdiction is to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). "[T]here is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing in the Notice of Removal the underlying facts establishing that the amount-in-controversy exceeds $75,000.00. See Laughlin, 50 F.3d at 873.

**Discussion**

There appears to be no dispute that the individual compensatory damage claims of plaintiffs in a class action may not be aggregated in order to satisfy the requisite amount-in-controversy for diversity jurisdiction.[3] Rather, Defendant contends that the threshold jurisdictional amount is satisfied based on the cost of compliance with the requested declaratory (or injunctive) relief, punitive damages, North American's counterclaim and attorney's fees.

---

[3] For example, Plaintiff Friesner alleges that North American charged an excess of $68.32 per year ($922.32 annually instead of the "Guaranteed Maximum Total Annual Premium" amount of $854.00).

*Aggregating Cost of Complying with Injunctive Relief*

Claims of multiple plaintiffs may be aggregated to satisfy the jurisdictional amount only where the claims are common and undivided and not "separate and distinct." Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); Zahn v. Int'l Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). Plaintiffs with separate and distinct claims must each satisfy the jurisdictional amount requirement for suit in the federal courts. Id.

Aggregation is not allowed where, as is the case here, each class member claims an individual injury, such as a unique amount, that in theory must be proved separately. See Amundson & Associates Art Studio, Ltd. v. Nat'l Council on Compensation Ins., Inc., 977 F.Supp. 1116, 1124 (D.Kan. 1997)(following Lonnquist v. J.C. Penney Co., 421 F.2d 597 (10th Cir. 1970). Prior to the filing of this lawsuit, Plaintiffs did not possess "common and undivided" claims. Each Plaintiff was issued a "separate and distinct" insurance policy from Defendant. Each putative class member seeks damages unique to that individual which are dependent on the type of policy issued and the payment schedule, and each Plaintiff could have sued individually to seek redress. See Copeland v. MBNA Am., N.A., 820 F.Supp. 537 (D.Colo. 1993) ("[b]efore a court may consider total detriment as the basis for satisfying the amount-in-controversy requirement in a class action case, it must first determine whether the class members' claims may be aggregated" (following Lonnquist)).

Even if Plaintiffs' claims present common questions of law and fact (as they must if they are to be certified as a class), it does not necessarily mean that their rights are held in group status. Amundson, 977 F.Supp. 1116, 1124. Although the class action device permits these Plaintiffs to combine their claims for convenience and economy, "neither that form of action nor the nature of

3

the injunctive relief which they seek permits aggregation." Id.; see Aetna Ins. Co. v. Chicago, Rock Isl & Pac. RR Co., 229 F.2d 584, 586 (10th Cir. 1956) (even if complaint is based on a single instrument, claimants may not aggregate their claims unless they are seeking to "enforce a single title or right in which they have an undivided interest").

Defendant is unable to present a persuasive argument rebutting the presumption against removal. In support of its position, North American relies on cases which either do not involve multiple plaintiffs in a class action, or where plaintiffs' interests were "common and undivided" instead of "separate and distinct" as is the case here. Despite Defendant's claim that its cost of compliance would be $9,093,500.00 ($593,500.00 in costs of mailing, computer programming and training of agents, and $8,500,000.00 in lost future profits),[4] the per capita cost of compliance still remains abysmally below the amount-in-controversy requirement ($29.94 per Plaintiff). Therefore, Defendant cannot use the aggregated value of the cost of complying with injunctive relief in order to meet the required jurisdictional amount.

*Aggregation of Punitive Damages*

I need not address this issue, since the Complaint does not include a request for punitive damages, although I note as does the Defendant that Plaintiff devotes some space in its memorandum brief arguing against aggregation of punitive damages to satisfy amount-in-controversy. Pltff's Mem. Brf at 14-20.

However, aggregation of punitive damages would not be allowed to satisfy the jurisdictional amount even if they were sought. While the Tenth Circuit has not addressed this issue, several lower courts in this circuit have followed the Second Circuit in Gilman v. BHC

---

[4] See Deft. Ex. F.

4

Securities, Inc., 104 F.3d 1418, 1430 (2d Cir. 1997) which rejects aggregation. See, e.g., Wienberg v. Gen'l Motors Corp., Civil No. 98-771 BB/LFG, slip op. at 4 (D.N.M. Oct. 19, 1998); Cadigan v. Transamerica, Civil 99-1406 LFG/KBM, slip op. at 6 (and citations from other districts cited therein); Harris v. Nationwide Ins. Co., 1999 WL 1249709, *2 (D.Utah); Amundson, 977 F.Supp. at 1116; Asten v. Southwestern Bell Tel. Co., 914 F.Supp. 430, 433 (D.Kan. 1996) (citing Gallagher v. Continental Ins. Co., 502 F.2d 827, 831 (10th Cir.1974)).[5] Thus, Defendant incorrectly perceives that an attempt by Plaintiff to preserve a claim for punitive damages would result in the amount-in-controversy being satisfied.

*Defendant's Counterclaim*

North American argues that the amount-in-controversy requirement is satisfied in this case by the value of its compulsory counterclaim. The counterclaim seeks recovery of "compensatory damages, offset, recoupment, and/or payment in quantum meruit" for the value of services it has provided to Plaintiffs.

Federal jurisdiction traditionally is based on the good-faith allegations in the complaint, and not by anticipating defenses that the defendant may assert. See Louisville & Nashville R.R. Co. v. Mottley, 29 S.Ct. 42, 1980, 211 U.S. 149 (1908); Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936) (presence of federal question jurisdiction is determined solely by allegations contained in plaintiff's complaint); See Indep.Mach. Co. v. Int'l Tray Pads & Packaging, Inc., 991 F.Supp. 687, 691 (D.N.J. 1998) (citing Caterpillar Inc. v. Williams, 482 U.S. 386 (1987); see also, Wright, Miller & Kane, Fed.Prac. & Proc., § 1415, at 120 (1990) (noting general rule that plaintiff cannot

---

[5] See this Court's memorandum opinion and order, Kollecas v. State Farm, Civil No. 99-1428 WWD/LFG, slip op. at 6-7 (D.N.M. Feb. 14, 2000) for a short discussion on other circuits which have allowed aggregation.

create federal jurisdiction by anticipating defenses that defendant might assert).

Although courts are not unanimous on the issue of whether the amount-in-controversy can be met by damages pled in a compulsory counterclaim, the overwhelming weight of authority is acknowledged to lie on the side which does not allow consideration of compulsory counterclaims as a basis for exercising federal diversity jurisdiction.[6] See Mesa Indus., Inc. v. Eaglebrook Prods., Inc., 980 F.Supp. 323, 326 (D.Ariz.1997) (other citations included); Indep.Mach. Co., 991 F.Supp. at 691; Continental Ozark, Inc. v. Fleet Supplies, Inc., 908 F.Supp. 668, 671-71 (W.D.Ark. 1995) (noting that majority of courts have held that the amount-in-controversy is to be determined solely by reference to plaintiff's complaint and holding that amount at stake in counterclaim, whether compulsory or not, may not be used in determining the jurisdictional amount); Iowa Lamb Corp. v. Kalene Ind., Inc., 871 F.Supp. 1149, 1156 (N.D.Iowa 1994); Spectacor Management Group v. Brown, 131 F.3d 120, 125 (3rd Cir. 1997) (majority view is that inclusion of counterclaims should not be permitted in the removal context); see also, Wright, Miller & Kane, Fed.Prac. & Proc., § 1415, at 117 (1990) ("There is little authority under the federal rules regarding this problem, however, and what exists is divided"); W.Va. State Bar v. Bostic et al, 351 F.Supp. 1118, 1121 (S.D.W.Va. 1972) (noting that amount in controversy ordinarily must be determined from complaint and that the better view "dictates that the counterclaim not be considered even should it be compulsory under state law) (supporting citations omitted).

---

[6] While both parties cite to portions of Wright & Miller's Federal Practice & Procedure, § 3706 for different purposes, this Court's reading of the unabridged section (pp. 214-220 (1998)) is that while the authors see certain problems with not allowing a consideration of compulsory claim damages in determining whether diversity jurisdiction exists, they state that the issue is one that divides the courts when removal is in the fact scenario and note that "the majority of cases appears to deny removal." § 3706, at 215.

Defendant's reliance on Geoffrey Macpherson, Ltd. v. Brinecell, Inc., 98 F.3d 1241, 1242, n.2 (10th Cir. 1996) is misplaced because its comment on using the amount pled in a compulsory counterclaim to satisfy the jurisdictional amount was *dicta* and also because it was not a removal case. Cmp., Spectacor, 131 F.3d at 125 (noting that "removal is governed by considerations inapplicable to cases involving the exercise of original jurisdiction" and that "removal jurisdiction must . . . be narrowly construed in favor of the non-removing party. . ."), cited in Indep.Mach. Co. v. Int'l Tray Pads & Packaging, Inc., 991 F.Supp. at 687. Defendant also cites to two district court cases, from Michigan and South Carolina, which are representative of the small minority of the courts addressing the issue which have considered damages sought in a compulsory counterclaim for purposes of exercising federal diversity jurisdiction upon removal.[7]

The general tenor of the cases which reject inclusion of compulsory counterclaims in the removal context is that this rule is more in line with traditional jurisdictional analysis and with the well-pleaded complaint rule used in federal question cases. See Al-Cast Mold & Pattern, Inc. v. Perception, Inc., 52 F.Supp. 2d 1081, 1083 (D.Minn. 1999). Adopting the opposite approach has been viewed as a "surrender [of] federal removal jurisdiction to the inconsistencies of state laws

---

[7] See Swallow & Assoc. v. Henry Molded Prods., Inc., 794 F.Supp. 660, 663 (E.D.Mich. 1992) and Congaree Broadcaster, Inc. v. TM Programming, Inc., 436 F.Supp. 258, 261-62 (D.S.C. 1977).
It has been noted that the court in Swallow relied on a Ninth Circuit case, Fenton v. Freedman, 748 F.2d 1358, 1359 (9th Cir. 1984) which dealt with a complaint originally filed in the federal courts and "did not involve the basis for exercising removal jurisdiction." Indep. Machine, 991 F.Supp. at 692. Congaree held diversity jurisdiction to exist based not simply on the amount of damages in the compulsory counterclaim, but because the court agreed with the defendant that the amount of the entire contract was in dispute and not just the amount allegedly owed to plaintiffs. See Congaree, 436 F.Supp. at 259.

7

concerning compulsory and permissive counterclaims." [8] Iowa Lamb Corp., 871 F.Supp. 1149, 1157; Meridian Aviation Serv. v. Sun Jet Intern., 886 F.Supp. 613 (S.D.Tex. 1995) (if compulsory counterclaims were considered, federal subject matter jurisdiction would be reliant on state law distinctions between compulsory counterclaims and permissive counterclaims). I also note that the case law on the issue does not touch upon a situation involving multiple or class action plaintiffs.

In considering the ultimate question of jurisdiction, I am mindful both of the presumption against removal, as well as the removal statute that is to be strictly construed in favor of state court jurisdiction. See Shamrock Oil & Gas Crop v. Sheets, 313 U.S. 100 (1941). Accordingly, I decline to rely on North America's counterclaim to supply the requisite jurisdictional amount.

*Aggregation of Attorney's Fees*

Finally, Defendant argues that aggregation of attorney's fees satisfies the jurisdictional amount. There is no dispute that because both parties allege violations of the New Mexico Unfair Trade Practice Act, N.M. Stat. Ann. 1978 57-12-1 et seq., both parties would be entitled to claim attorney fees.

Defendant correctly recites case law which states that when a statute permits recovery of attorney's fees, a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship. See Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998) (citing Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933)). However, as in its argument regarding punitive damages, Defendant erroneously assumes

---

[8] See, Indep. Machine., 991 F.Supp. at 6910 (recognizing that federal courts have "generally and consistently refused to consider damages pled in a permissive counterclaim as providing the necessary amount-in-controversy for removal of a diversity action"); see also, Wright, Miller & Cooper, Fed.Prac. & Proc., § 3706, at 215 (1998).

that the calculation can be based on an aggregation of fees in a class action suit.

The rule that consideration of attorney fees may be part of the matter in controversy when authorized by statute is inapplicable in a class action context for the same reasons courts have found not to allow aggregation of punitive damages. See e.g., Goldin v. American Airlines, Inc., (Table, text in WL), 1990 WL 77630, *2 (N.D.Ill.) (citing Goldberg v. CPC Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir.), cert. denied, 459 U.S. 945 (1982)); cmp., Haisch v. Allstate Ins. Co., 942 F.Supp. 1245, 1251 (D.Ariz. 1996) (analysis the same for aggregation of punitive damages and aggregation of attorney fees). The latter course is more in keeping with the "policies behind the Supreme Court's decision in Zahn. Goldin, *2.

Because Plaintiff's claims in this case are not derived from common and undivided rights, attorney's fees cannot be aggregated. See discussion, above; Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 54 F.Supp.2d 1042, 1051-52, n.5 (D.Kan. 1999) (citing Goldberg and other cases holding that aggregation of attorneys' fees are not allowed to satisfy jurisdictional amount); Haisch, 942 F.Supp. at 1248 & n.9 (noting without deciding that sizeable group of putative class members would require "immense" amount of potential attorney's fees) (citing Karofsy v. Abbott Lab., 921 F.Supp. 18, 20 (D.Me. 1996) (projected attorney's fees must be prorated across entire class)). Defendant's reliance on Haisch as support for aggregation of fees ("The amount in controversy requirement may be satisfied by the aggregation of attorneys fees that are provided by state law and requested by a party") is thus particularly disturbing, since the court's rejection of aggregation of punitive damages in Haisch is expressly premised on the finding that the claims of the class action plaintiffs in that case were not "derived from rights held in group status[.]" Haisch at 1251.

Not surprisingly, Defendant relies on cases for this particular issue which are within the few jurisdictions that also allow aggregation of punitive damages. This view, as mentioned earlier, has been rejected by several district courts in this circuit. As a basis for establishing amount-in-controversy, then, attorney fees can only be considered in regard to each individual putative class member. I find that Defendant has not presented any basis to reasonably project an amount in attorney's fees for *each* putative class member that exceeds $75,000.00 and that the requisite monetary amount for diversity jurisdiction has not been met.

## Conclusion

In sum, I find that the claims of the putative class members in this action are separate and distinct and thus that aggregation of costs for compliance, punitive damages or potential attorney fees cannot provide a basis for satisfying amount-in-controversy. I find that the value of Defendant's compulsory counterclaim also does not provide an adequate basis for meeting the jurisdictional amount. Accordingly, this Court does not have diversity jurisdiction over this case and it will be remanded to state court.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Remand to State Court **[docket # 14]** is hereby GRANTED.

UNITED STATES MAGISTRATE JUDGE